**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRUCE DAVID GARBER | ) | |
| | ) | |
| | ) | |
| | ) | 2:25-cv-326 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

An ALJ found Plaintiff Bruce David Garber not disabled.  Mr. Garber appeals that order, challenging how the ALJ considered the evidence.  On substantial-evidence review, *see Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999), the Court affirms.

In making a finding of disability, the ALJ is required to go through a five-step sequential process.[1]  Part of that five-step analysis is the determination of the claimant's residual functional capacity, which is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001).

---

[1] The five-step process requires the ALJ to assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 CFR, Pt. 404, Subpt. P, App'x 1; (4) whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy.  20 CFR §§ 404.1520(a)(4), 416.920(a)(4); see *Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003).  If the claimant is determined to be unable to resume previous employment, the burden shifts to the SSA/Commissioner at Step 5 to prove that, given claimant's mental or physical limitations, age, education, and work experience, she is able to perform substantial gainful activity in jobs available in the national economy.  *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

Here, Mr. Garber claims that the ALJ failed to consider Mr. Garber's expert's opinion evidence, Mr. Garber's own statements, and the general record. ECF 5 at 7. Mr. Garber essentially argues that the ALJ's reasoning at steps two and three and the reasoning for residual functional capacity are flawed. At step two, the ALJ found that some, but not all, of Mr. Garber's complained-of symptoms amount to severe impairments.[2] ECF 2-2 at 21. At step three, the ALJ found that the proven severe impairments do not meet the criteria under 20 CFR, Pt. 404, Subpt. P, App'x 1. *Id.* at 23. And then the ALJ found that Mr. Garber had the residual functional capacity to perform medium work with some exceptions. *Id.* at 24.

The Court finds that there is substantial evidence to support the ALJ's finding that Mr. Garber doesn't qualify as disabled. The ALJ appropriately considered Mr. Garber's expert, his statements, and the general record to support each step of the analysis. As Mr. Garber acknowledges, the ALJ's finding of residual functional capacity is "[i]nextricably intertwined" with the general record. ECF 5 at 8. So the Court focuses on the RFC finding to also examine whether substantial evidence exists as to step 2, step 3, and RFC.

The ALJ found that various medical documents, the examinations of a state administrative agency's physician, and Mr. Garber's own expert, Kelly Wardrop, supported the finding that Mr. Garber could perform medium work with some exceptions during the relevant period.[3] ECF 2-2 at 24–26. To the extent that Ms. Wardrop opined in 2024 that Mr. Garber was functionally disabled, the ALJ found that her opinion was too remote from the relevant period in 2021. *Id.* at 26. There's

---

[2] The ALJ found that Mr. Garber's chronic obstructive pulmonary disorder (COPD), type 2 diabetes, and sleep apnea were severe impairments. ECF 2-2 at 21.

[3] Mr. Garber concedes that he had to establish disability on or before September 30, 2021. *See* ECF 5 at 1.

enough evidence in the record to support the ALJ's findings. This is so for three reasons.

First, the objective medical evidence supports the ALJ's findings. Various medical records from 2021 and onward detail that Mr. Garber had a regular heart rate and rhythm, normal pulmonary evaluations, normal gait, and a full range of motion. *See* ECF 2-7 at 324, 331, 360, 394, 403, 517, 552. The reviewing physician from Mr. Garber's state administrative agency proceedings in 2021 found that Mr. Garber had no external limitations, and his only main work limitation would be extreme heat and hazards (*e.g.*, machinery, heights, etc.).[4] ECF 2-3 at 4–5. And Ms. Wardrop's evaluations from 2021 also detail Mr. Garber's relatively positive bill-of-health. ECF 2-7 at 98 (normal gait and full range of motion, no listed neurological concerns), 121 (regular heart rate and rhythm, lungs clear to auscultation), 297 (normal musculoskeletal gait and station). This provided the ALJ a substantial basis for finding that Mr. Garber was not disabled in 2021.

Second, the ALJ provided a substantial basis for not relying on Ms. Wardrop's opinion in 2024. Indeed, Ms. Wardrop noted that Mr. Garber had a litany of medical issues and was severely restricted in his physical capabilities *in 2024.* ECF 2-8 at 390–93. But the relevant period here is Mr. Garber's condition before September 2021. ECF 5 at 1. Mr. Garber argues that this four-page opinion is based on Ms. Wardrop's entire history of treating Mr. Garber, which dates to 2021. ECF 5 at 12. The problem with this argument is that nowhere in Ms. Wardrop's opinion does she

---

[4] Mr. Garber argues that the ALJ's reliance on the state administrative agency's physician is reason enough to remand because the agency found the evidence insufficient "to fully assess the claimant's physical impairments, limitations, or response to treatment." ECF 9 at 2; ECF 2-3 at 5. But Mr. Garber's argument misses the mark. The ALJ couldn't have rested his decision solely on the agency's ruling where the agency acknowledged insufficient evidence. The ALJ did something different here—he referenced the physician's assessment of Mr. Garber. It's not a fatal error for the ALJ to use the physician's assessment as one data point of many to determine whether Mr. Garber is disabled.

say that Mr. Garber exhibited these symptoms throughout her treatment.  At best, she references that Mr. Garber became a patient in 2021.  ECF 2-8 at 390.  It was reasonable for the ALJ to find this opinion to be too remote in time to the relevant period where Ms. Wardrop never clarified which observations in 2024 were also true in 2021.  Rather, as the ALJ found, physicians' observations from 2021, including Ms. Wardrop's own observations, are inconsistent with this 2024 opinion.  ECF 2-2 at 26; *see Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. 2024) (noting the importance of supportability and consistency).  There is substantial evidence on the record to support the ALJ's finding as it relates to Ms. Wardrop's 2024 opinion.

Third, the ALJ did not, as Mr. Garber argues, base his decision on conclusory, highly selective, and essentially "cherry-picked" cites from the record.  *See* ECF 5 at 6, 16.  The Court agrees with Mr. Garber that ALJs cannot just cherry-pick from the record to support a pre-determined conclusion.  *See Morales v. Apfel*, 225 F.3d 310, 318 (3d Cir. 2000).  But where Mr. Garber primarily relies on Ms. Wardrop's four-page opinion from three years after-the-fact, and the ALJ points to numerous medical records from various physicians to support his finding, the Court cannot characterize that as "cherry-picking" the record.  To prove up this kind of "cherry-picking" claim, a claimant would need to show that the ALJ's citations essentially ignore the crux of the evidence.  *See id.*  Mr. Garber hasn't shown that to be the case here.

In sum, there is substantial evidence to support the ALJ's conclusion and reasoning that Mr. Garber was not disabled during the relevant period.  The decision of the ALJ is **AFFIRMED**.  The Clerk of this Court shall mark this case as **CLOSED**.

DATED this 30th Day of April, 2026.

                                        BY THE COURT:

                                        /s/ J. Nicholas Ranjan
                                        United States District Judge